Good morning, everyone. Our first case for argument is United States v. Bell, No. 24-2198. Mr. Jensen. Please record. My name is Attorney Jeffrey Jensen Sr. and I represent the appellant Dion Bell. Dion Bell, in around 2017, was convicted of a number of state offenses in Wisconsin. They were not the offense for which he was charged in federal court. They were operating an auto without owner's consent, some possession of drug counts, things of that nature. He was convicted and sentenced to a period of initial confinement and then he was released on extended supervision. In May of 2022, he was still on extended supervision from the state court in Wisconsin when agents arrested him and he was charged with the present case, the case we're here for today, in federal court. He remained in custody from that day, which was May 13, 2022, until he was sentenced in the federal court. The reason he stayed in custody was because, based entirely on the fact that he was indicted in federal court, the state court revoked his extended supervision and imposed some time in prison. He was serving that prison time the whole while that the federal court was pending, up until about a month before he was sentenced in this case. He was convicted of- Mr. Jensen, wouldn't we have to overrule our precedent in order to find in your client's favor? I don't believe so because I believe this issue is controlled by a series of cases, first of all. Well, how do you deal with United States v. Cruz, for instance? Well, Cruz, the main point of Cruz, I believe, is that the language between the Armed Career Criminal Act and the minimum mandatory penalty for possession of drug counts is different. The drug case requires that a sentence be imposed. Yeah, but they all deal with the difference between a discharged and an undischarged sentence. Right. And here there's no question as to Mr. Bell's status in federal sentencing. There's no dispute, right, as to that. I believe that discharged and non-discharged language comes from 18 U.S.C. 3584, which talks about concurrent and consecutive sentences. And then I believe it was in Campbell v. Cruz the court talked about the 5G 3.1 sentencing guideline does not restrict the sentencing court's discretion. It's just advisory. And it is 5G 1.3 that says the court may take into account non-discharged state sentences in lowering the federal court sentence. And I think That's great, but that doesn't get you around a mandatory minimum. It seems to me, if I can just cut to the chase here, that neither 3584 nor 5G 1.3 address this case. And that if you've got a textual argument for consideration here, it's based on that difference in wording between the drug and the gun offenses. Right. As acknowledged in Cruz and as discussed, was it Ross, I think, where the opinion noted that said, in essence, we don't care. The statute doesn't tell us how or when you serve your 15 years in prison. Right. Ross was the first case on this issue and it was published in the year 2000. And in the concluding paragraph, the court said, we conclude the computation of the total term of imprisonment for purposes of 924 E, which is the career criminal statute. Consistently with the application note may be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment. At least in Ross, the court didn't say anything about non-discharge or undischarged sentences. I think it stands for the proposition that the Armed Career Criminal Act requires a certain amount of imprisonment, but not necessarily a sentence. And so for that reason, the district court possesses the discretion to lower the sentence below the minimum mandatory 15 years, as long as the amount of the related state time and the amount of the federal time equals 15 years. And I addressed this in my reply brief, and I think one of the main reasons that that undischarged, non-discharge, or discharge is irrelevant is because this isn't a question of consecutive or concurrent. It's a question of lowering the sentence in federal court. Normally when a sentence is run concurrently, the judge will say, I hereby sentence you to 15 years in prison, concurrent to any time served in the state case. But in this case, the Bureau of Prisons will not give Mr. Bell credit for the time he served in the state case. So I think for obvious reasons, the government focuses on the non-discharge, undischarged language, but I think that is not relevant. The question is, does the district court, the federal court, possess the discretion to lower the sentence below the 15 years, as long as that, combined with time served under a related state case, equals 15? And for your argument, is there no temporal limitation? Here the related state case had just finished up two months earlier, but say the related state case had finished up a year earlier, two years earlier. Is it all the same to you? Well, it depends on the facts of the situation. If the person were revoked in the state case solely because of the federal indictment, in other words, it's a related case, then I don't think it matters how much time passes from the discharge of the state sentence to the sentencing in federal court, whether in this case be a month or, in your example, a year. Of course, it makes a huge difference whether the person was revoked because of conduct for which he was charged in federal court. One of the things that concerns me about that theory, Mr. Jensen, is it's easy in this case to decide that the two cases are based on the same conduct. Those two years in state, what counted towards state custody, was based on exactly the same conduct. How close does that have to be and how would we decide that the next time around? For example, if somebody is revoked, maybe there are drugs and guns involved and one of the charges is felon in possession and another is possession of drugs with intent to distribute. Well, in my mind, that's a question of fact and courts are well accustomed to determining questions of fact. But what exactly would be the question? Whether that, and it was kind of discussed in State v. Campbell, where this court reversed the sentence and remanded back to the district court and then sort of in my way of explanation, the court went on to say, by the way, you should make detailed findings about whether this earlier offense was related to the federal offense. So that's where I get the idea that that's it. That's just us making up the law, though, right? I mean, there's no statutory authority for that. There's no Supreme Court case that you can cite to. That's just us kind of flying by the seat of our pants. Well, I wouldn't characterize it as flying by the seat of the pants, but I think it's valuable instruction. Well, what's the best Supreme Court case or statute you have that allows us the authority to do that? Well, I have to concede I don't have a Supreme Court case or a statute that guides the court's discretion in determining whether or not the State time is adequately related to the federal time. I mean, what's the best authority that you have that says we should even consider that as a factor, that that's a factor? United States v. Campbell, I think, where it discusses that. And I reserve two minutes, and I'm already over my time, so I'll pass the floor to Mr. Martini. Thank you, Mr. Martini. Thank you, Your Honor. Good morning, and may it please the Court. Thaddeus Martini on behalf of the United States. Congress recognized that a subset of federal criminal defendants would be subject to overlapping terms of imprisonment. So it gave district judges the discretion, or at least codified district judges' already existing discretion, in Section 3584 of Title 18 to impose new terms of imprisonment, either concurrently with or consecutive to other terms of imprisonment, but crucially, for this appeal, other undischarged terms of imprisonment. Under this Court's precedence, an adjustment to achieve what the Court calls a fully concurrent sentence is nonetheless possible in cases involving minimum mandatory sentences, even if that involves an adjustment at least nominally below a particular mandatory minimum term specified by Congress, so long as the total term of imprisonment meets that fully minimum mandatory term all aggregated together. But, and again, this is the crucial point for this appeal, this authority exists both under this Court's precedence and through the statutory authority granted by Congress when that prior term of imprisonment has not yet discharged. In this case, Mr. Bell seeks a two-year adjustment. We've heard some discussion about that already here this morning, and that's to account for a state revocation term that he completed just pure happenstance about a month before he was actually sentenced in this case. The District Court correctly declined to grant that credit because, for better or worse, the law simply just does not allow it under the circumstances of this particular case. Mr. Bell argues that this isn't a question of concurrent sentencing. He urges the Court to focus really almost entirely on sort of the aggregated total term, but the Court's decisions, again, are very clear that the kind of adjustment that he asks for is rooted in Section 3584. Section 3584 is a link in the chain, and the concurrence is really, it's actually quite important in Mr. Bell's case because it's the way around the minimum mandatory term. Mr. Ferris, could I ask you, suppose the federal sentence had been imposed here a week before the completion of the state two-year revocation sentence. Would the district judge have been able to take off two years or just one week under those circumstances? Your Honor, under this Court's precedence, the district judge would have been able to run the ACCA 15 years fully concurrent to the state revocation term. And so the full, the district judge would have had the discretion, the authority, again, under this Court's precedence. Well, he wouldn't have imposed a concurrent sentence. He would have said 13 years, right? He would have said, there's some instruction in the guidelines about how a judgment that accounts for this kind of adjustment should be structured. And I believe Your Honor's correct. I believe that at least nominally what the Court would have imposed, recognizing that the Bureau of Prisons wouldn't provide credit for that state revocation time, is a 13-year and some, 13-year and a week. Yeah. Okay. And would you agree with me that if the sentence is imposed a week after the expiration, the federal sentence is imposed a week after the expiration of the state sentence, that under your theory, that it's got to be full 15 years, no credit for the state, and so that timing certainly looks pretty arbitrary, right? That's correct, Your Honor, and that's the result that's compelled by the statutory scheme. Well, maybe, maybe not. That's the question in front of us. But it clearly is arbitrary. And we know that Judge Stantmuller in this case wanted, if he had the discretion, would have given him credit, right? That's correct, Your Honor. He was very clear about that. So why don't, why can't we just focus on the language in 924E about, in the case of a person who violates, etc., etc., the person shall be imprisoned not less than 15 years and say, as we did in Ross, we don't care exactly how that happens as long as you get the 15 years. Your Honor, the reason for that is simply that there's just no statutory authority to go below the minimum mandatory term when there's no concurrent sentence. And Campbell, Cruz, and Hernandez's interpretations and their follow-on commentary on Ross makes that very clear. Now, one thing, a few circuits have allowed what I think we kind of colloquially refer to as a Campbell adjustment, the type of adjustment that Mr. Bell seeks here, the type of adjustment that the government concedes is appropriate in cases where there's a concurrent sentence. It's worth noting that Ross and the other cases that, where all this kind of begins, happen against the backdrop of what at the time was a mandatory sentencing guideline scheme. And it makes sense in that regard that, you know, we start with 3584, that incorporates 3553A, and then 3553A instructs district courts to look towards the guidelines. And so it kind of makes sense that that's where all of this starts. But at the same time, I think in a case where you have a discharge sentence, there's just no statutory hook to go around the minimum mandatory sentence. That's the more specific provision, and that's the provision that governs above all others. And it creates the potential for a lot of kind of strange outcomes if, you know, any prior term of imprisonment can be counted as imprisonment under the words of the ACCA statute. You know, for example, you could have a scenario where someone would argue a prior term of imprisonment would count towards a statutory maximum. If the word imprisonment on its own, without some other independent statutory hook, without some other enabling, I think the Fourth Circuit in Moore calls it the enabling statute of 3584 in this case. Without something else, there's really just no limiting principle there. Well, the limiting principle would be is it for the same conduct, right? That could be one limiting principle, Your Honor, but at the same time, there's just nothing in any statutory or case law that would provide the basis for that kind of distinction. How would we know if it was the same conduct? How would we have any clue? A gang investigation, for instance, that lasts six years. A defendant's search warrant is conducted. Guns and drugs are recovered, but no arrest is made because they're lower members of the gang. Going to go up on to Title III. But the state court revokes a defendant's period of supervised release or probation and puts the defendant in jail for 18 months for possession of guns and drugs. Three or four years later, the defendant is indicted. There's a 924C charge. How would we have any idea to determine the basis for the revocation of supervised release? So that's one potential issue, Your Honor, and I think as discussed a little bit earlier, it's not really an issue that we necessarily have in this case. But that's one reason why this sort of—I think Mr. Bell argues at some point for, again, a framework where if something's reasonably related to the new sentence, it can be counted as the new sentence, this term of imprisonment. And that's precisely one problem. Now, the guidelines deal with this. If we just say reasonably related, that's going to be a quagmire. Sure. If we say the same conduct, for example, if you've got possession of a firearm that leads to the revocation of a state sentence three years earlier and you've got possession of another firearm that leads to the federal indictment on a different date, no problem, right? Your Honor, Congress could write a statute that would allow for that kind of adjustment to account for the same conduct in a case as Your Honor suggests. But even in a case like that, I mean, this case is actually a pretty good example. Mr. Bell was revoked for possession of one, not both, of the firearms that he was ultimately convicted of possessing. The other parts of his revocation also extended to allegations that he had absconded from supervision, that he had consumed alcohol. I'm not here suggesting that the reason he was revoked for two years was his absconding from supervision and his consumption of alcohol. But it just illustrates the point that it's difficult to sort of parse those things together and figure out what is the same conduct in any given case. Now, the guidelines, of course, deal with this a different way through the framework of relevant conduct. But even under that framework, there's no authority to go below a minimum mandatory sentence when the prior term of imprisonment was even for relevant conduct. And Cruz makes that abundantly clear. That's a case in which the prior state term involved activity that was relevant conduct in the federal case. I believe in Cruz it contributed to the calculation of the guidelines in the federal case. And the court said, unfortunately, because the prior term was discharged, there's just no authority there. Section 3584 is the critical link here. It applies only to undischarged sentences and the district court correctly sentenced Mr. Bell in this case. If there are no further questions, we respectfully ask the court to affirm the district court's judgments below. Thank you. Thank you, Mr. Martini. Okay, Mr. Jensen, would you like anything else to add? At least one question from me, but go ahead. Well, there was only one thing that Mr. Martini said that I believe warrants comment and a rebuttal. And that is that there is no statutory authority to sentence below the 15-year armed career criminal provision. And I agree with that, which is why I'm not here arguing that Bell ought to be sentenced below the 15-year minimum mandatory. I'm here saying that in United States v. Ross, the Seventh Circuit said because of the language of that statute, we don't care when or where he serves the 15 years as long as the state time and the federal time equals 15 years. That's my argument. So I believe there is statutory authority. And, Your Honor? Could you address Mr. Martini's point about two guns versus one in this case? Yes, and I have two responses to that. First of all, I don't see how that matters in the ultimate analysis because the government did not argue very stridently, or if at all before the district court, that this was not related. Arguments don't have to be strident, but that's a slightly different point. And Judge Stadmiller made what I think is an explicit, if not an implicit, if not explicit, finding a fact that it was related because he said I would have reduced the sentence. The same guns? Yes. Okay, thank you. All right, thank you, Mr. Jensen. The case will be taken under advisement.